# IN THE COURT OF APPEALS OF IOWA

No. 17-0098
Filed March 22, 2017

**IN THE INTEREST OF S.B.,**
**Minor child,**

**S.N.B., Mother,**
　　　　Appellant.

_____

Appeal from the Iowa District Court for Polk County, Joseph W. Seidlin, District Associate Judge.

The mother appeals from the order terminating her parental rights to her child, S.B. The juvenile court terminated the mother's parental rights pursuant to Iowa Code section 232.116(1)(g) and (h) (2016). **AFFIRMED.**

Andrea M. Flanagan of Sporer & Flanagan, P.L.L.C., Des Moines, for appellant mother.

Thomas J. Miller, Attorney General, and Kristi A. Traynor, Assistant Attorney General, for appellee State.

Charles S. Fuson of Youth Law Center, Des Moines, guardian ad litem for minor child.

Considered by Potterfield, P.J., and Doyle and Tabor, JJ.

**POTTERFIELD, Presiding Judge.**

The mother appeals from the order terminating her parental rights to her child, S.B., born in May 2016. The juvenile court terminated the mother's parental rights pursuant to Iowa Code section 232.116(1)(g) and (h) (2016). We affirm.

**I. Background Facts and Proceedings.**

S.B. came to the attention of the Iowa Department of Human Services (DHS) immediately after his birth on May 20, 2016, as the mother tested positive for methamphetamine during pregnancy, and she was incarcerated at the time of his birth for convictions for identity theft and fraud.[1] On May 24, 2016, the juvenile court entered an order for temporary removal from the mother's care and placed S.B. in the care of his maternal aunt and uncle. S.B. has remained in their care since removal.

On May 26, the mother was released from prison. After an uncontested removal hearing on June 2, the juvenile court confirmed placement of S.B. with the aunt and uncle under DHS supervision due to the mother's "unresolved substance abuse issues." On July 5, S.B. was adjudicated to be a child in need of assistance (CINA) pursuant to Iowa Code section 232.2(6)(c)(2) and (n) because a return to the mother's care was contrary to the child's welfare.

In its August 2, 2016 dispositional order, the court adopted a case permanency plan, which, in part, required the mother to participate in various

---

[1] At the time of S.B.'s birth, the father was also incarcerated, and his parental rights were also terminated. The supreme court dismissed the father's appeal because he failed to file a petition on appeal within 15 days of filing a notice of appeal. *See* Iowa R. App. P. 6.201(1)(b).

services to achieve reunification, including family safety, risk, and permanency services; mental-health treatment; substance-abuse treatment; random drug screens; individual therapy; and visitation. In October 2016, the court determined that returning the child home would be contrary to S.B.'s welfare because "continued placement in or a return to the home would be contrary to the child's welfare due to the mother's unresolved substance abuse and mental health issues, including lack of consistency in or verification of treatment, and [the] father's incarceration." The court continued placement of the child with the aunt and uncle under DHS supervision. The mother was incarcerated again on October 31, 2016.

In December 2016, a termination hearing was held. At the hearing, the mother testified about her abuse of illegal substances, specifically methamphetamine, for approximately eight years. She admitted to misleading DHS workers throughout the proceedings, missing twelve drug screenings, using methamphetamine "almost every day" between the months of June and September, and attending visitations while methamphetamine was in her system. She conceded that at the time of the hearing, she was not in a place to have S.B. in her care but contended she would be in the near future. During the termination trial, the mother called into question her own credibility. As the juvenile court stated:

> It is difficult to put any stock into [the mother's] claimed date of sobriety, or for that matter, anything she says, because she has virtually no credibility. She proved to be a serial liar to the DHS case worker and other providers during the course of [S.B.'s] CINA case, insisting until November, 2016, that she hadn't used methamphetamine since 2014; that she had obtained substance abuse evaluations; that she was attending substance abuse

treatment; and that she was attending therapy. These claims were all false. [The mother's] criminal record also reveals a strong trait for dishonesty. Between July 2009 and July 2013, she either pleaded guilty to or was found guilty of: Identity Theft, Theft in the 2nd Degree (twice), Theft in the 5th Degree, and Providing False Information, as well as a controlled substance violation.

On January 5, 2017, the court terminated the mother's parental rights and placed custody of S.B. with the aunt and uncle. The mother appeals the order terminating her parental rights.

## II. Standard of Review.

We conduct a de novo review of proceedings terminating parental rights. *In re A.M.*, 843 N.W.2d 100, 110 (Iowa 2014). An order terminating parental rights will be upheld if there is clear and convincing evidence of grounds for termination under Iowa Code section 232.116. *In re D.W.*, 791 N.W.2d 703, 706 (Iowa 2010). Evidence is "clear and convincing" when there are no serious or substantial doubts as to the correctness of conclusions drawn from it. *Id.* We give weight to the factual determinations of the juvenile court, particularly regarding the credibility of witnesses, although we are not bound by them. *Id.* The primary consideration of our review is the best interests of the child. *In re J.E.*, 723 N.W.2d 793, 798 (Iowa 2006).

## III. Discussion.

We review termination orders using the following three-step analysis:

The first step is to determine whether any ground for termination under section 232.116(1) has been established. If we find that a ground for termination has been established, then we determine whether the best-interest framework as laid out in section 232.116(2) supports the termination of parental rights. Finally, if we do find that the statutory best-interest framework supports the termination of parental rights, we consider whether any [permissive

factors] in section 232.116(3) apply to preclude termination of parental rights.

*In re M.W.*, 876 N.W.2d 212, 219–20 (Iowa 2016) (citations omitted).

We agree with the juvenile court that termination was appropriate under Iowa Code section 232.116(1)(h).[2]  At the time of trial, S.B. was under three years of age, adjudicated a CINA pursuant to section 232.96, removed from the mother on May 26, 2016, and unable to be returned to the mother due to her continued methamphetamine use and its resulting harm on the child.  However, the mother maintains the court erred in finding termination is in the best interest of S.B. and the permissive factors related to placement with a relative preclude termination of her parental rights.

**A. Best Interests.**

Even when the statutory grounds for termination are satisfied, the juvenile court must give "primary consideration to the child's safety, to the best placement for furthering the long-term nurturing and growth of the child, and to the physical, mental, and emotional condition and needs of the child."  Iowa Code § 232.116(2).  The juvenile court held the mother is unable to care for S.B. because of her ongoing substance-abuse issues and her failure to respond to the case permanency plan recommendations and offered services.  The mother argues termination is not in the best interest of the child because of the bond she developed with S.B.  We disagree.

The mother's limited emotional support of S.B. is insufficient to overcome S.B.'s need for stability.  Permanency and stability are essential elements to

---

[2] The mother does not contest the statutory grounds for termination under subsection (h).

S.B.'s best interests. *See In re J.E.*, 726 N.W.2d at 802 (Cady, J., concurring specially). S.B. was exposed to methamphetamine in utero and the mother has an extensive history of methamphetamine abuse.[3] The mother refuses to submit to drug-testing services to demonstrate her sobriety, and she admitted at the termination trial to using methamphetamine "almost every day" while she was not incarcerated. The mother also acknowledged the likelihood of methamphetamine in her system during visitations. Her lack of credibility, as noted by the juvenile court, and her long history of substance abuse indicate she will not overcome her addiction in the near future. *See, e.g., In re S.N.*, 500 N.W.2d 32, 34 (Iowa 1993) ("The court is to consider what the future likely holds for the child if the child is returned to the parents. Insight for that determination is to be gained from evidence of the parents' past performance, for that performance may be indicative of the quality of future care the parents are capable of providing. Case history records are entitled to much probative force when a parent's record is being examined." (citations omitted)). Moreover, the mother's failure to utilize the recommended services and her continued methamphetamine use are indications that she is unable to provide S.B. with the permanency and stability that are essential to S.B.'s best interests. *See id.* Accordingly, terminating the mother's parental rights is in S.B.'s best interests.

---

[3] The juvenile court noted the mother's history of illegal substance abuse, stating, "[The mother's] history of illegal drug use and criminal involvement was well documented in two prior CINA cases involving different children, both of which resulted in the termination of [the mother's] parental rights."

**B. Permissive Factors.**

Finally, we consider whether any of the permissive factors outweigh a need for termination. *See* Iowa Code § 232.116(3). The Iowa Code allows the court to decline to terminate parental rights if a relative has legal custody of the child. *Id.* § 232.116(3)(a). These factors are permissive, not mandatory. *In re D.S.*, 806 N.W.2d 458, 475 (Iowa Ct. App. 2011). "The court has discretion, based on the unique circumstances of each case and the best interests of the child, whether to apply the factors in this section to save the parent-child relationship." *Id.* The mother argues termination is not appropriate because S.B. is under the care of a relative, and the juvenile court considered whether the aunt and uncle's custody of S.B. should prevent termination. The Iowa Department of Human Services has legal custody of S.B., not the relatives. Therefore, section 232.116(3)(a) does not apply. *See A.M.*, 843 N.W.2d at 113 ("Although section 232.116(3)(a) allows the juvenile court not to terminate when a 'relative has legal custody of the child,' A.M. is not in the legal custody of her grandparents." (citations omitted)). We agree with the juvenile court's conclusion termination is necessary. "It is well-settled law that we cannot deprive a child of permanency after the State has proved a ground for termination under section 232.116(1) by hoping someday a parent will learn to be a parent and be able to provide a stable home for the child." *Id.* We agree with the juvenile court that the factors listed in section 232.116(3) should not preclude termination.

**AFFIRMED.**